LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (State Bar No. 215888)
*brandon@bblocklaw.com*
433 North Camden Drive, Suite 600
Beverly Hills, California 90210
Telephone: 310.887.1440
Facsimile: 310.496.1420

Attorneys for Plaintiff
THOMAS BALLENGER

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BALLENGER,<br><br>           Plaintiff,<br><br>     vs.<br><br>DEL MAR RECOVERY SOLUTIONS, INC., a California corporation; ABA RECOVERY SERVICE, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>           Defendants. | CASE NO.  **'17 CV 2294 L    WVG**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br><u>JURY TRIAL DEMANDED</u> |

## **COMPLAINT**

Plaintiff Thomas Ballenger ("Plaintiff") complains against defendants Del Mar Recovery Services, Inc. ("Del Mar Recovery"), ABA Recovery Service, Inc. ("ABA Recovery") and Does 1 through 10, inclusive (collectively, "Doe Defendants"), as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k), and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Southern District in that, among other things, a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

**Parties**

3. Plaintiff is a natural person residing in San Diego County, California.

4. Defendant Del Mar Recovery is a California corporation with its principal place of business in Carlsbad, California.

5. Defendant ABA Recovery is a California corporation with its principal place of business in San Diego, California.

6. Plaintiff does not know the true names, identities, and capacities of the Doe Defendants sued herein, and therefore sues those defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities and capacities of the Doe Defendants when plaintiff discovers such information.

7. At all times mentioned herein, defendants were agents and/or employees of each other and were acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to plaintiff.

**Operative Facts**

8. In or around October 2014, plaintiff purchased a vehicle for personal, family or household purposes from a car dealership, pursuant to a retail installment sale contract. The dealership assigned the contract to Santander Consumer USA, Inc. ("Santander").

9. In or around December 2016, Santander hired Del Mar Recovery to conduct the nonjudicial (i.e., "self-help") repossession of plaintiff's vehicle. Plaintiff is informed and believes that, at all times relevant, Del Mar Recovery was an

COMPLAINT

1    independent contractor of Santander. Del Mar Recovery, in turn, hired and instructed

2    ABA Recovery as its agent to assist in the repossession of plaintiff's vehicle, by

3    having ABA Recovery physical taking possession of plaintiff's vehicle on Del Mar

4    Recovery's behalf.

5        10.    On or about December 14, 2016, ABA Recovery Service completed the

6    repossession of plaintiff's vehicle by entering private property which was secured by

7    a locked gate and fence, without permission. Accordingly, ABA Recovery Service

8    breached the peace in conducting the repossession of plaintiff's vehicle, in violation

9    of California Commercial Code § 9609 and California's Collateral Recovery Act

10   ("CRA"), Bus. & Prof. Code § 7508.2(d).

11       11.    Plaintiff has suffered damages as a direct and proximate result of

12   defendants' conduct, including the lost value and use of his vehicle, which Santander

13   sold at auction after the unlawful repossession.

14   **First Claim for Relief – Violations of The Fair Debt Collection Practices Act,**

15   **15 U.S.C. §§ 1692, *et seq.* ("FDCPA")**

16   **(By Plaintiff Against All Defendants)**

17       12.    Plaintiff realleges and incorporates herein by reference each and every

18   paragraph set forth above.

19       13.    Congress has found that "[t]here is abundant evidence of the use of

20   abusive, deceptive, and unfair debt collection practices by many debt collectors," and

21   that "[a]busive debt collectors contribute to the number of personal bankruptcies, to

22   marital instability, to the loss of jobs, and to invasions of individual privacy." 15

23   U.S.C. § 1692(a). Thus, Congress enacted the FDCPA to "eliminate abusive debt

24   collection practices by debt collectors, to insure that those debt collectors who refrain

25   from using abusive debt collection practices are not competitively disadvantaged,

26   and to promote consistent State action to protect consumers against debt collection

27   abuses." Id., § 1692(e).

28       14.    Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) in

1    that he is a natural person obligated or allegedly obligated to pay a "debt".

2        15.     Defendants are "debt collectors" within the meaning of 15 U.S.C.

3    § 1692a(6) in that they are persons who use an instrumentality of interstate

4    commerce or the mails in a business the principal purpose of which is the

5    enforcement of security interests.

6        16.     The purported debt which defendants attempted to collect from plaintiff

7    is a "debt" within the meaning of 15 U.S.C. § 1692a(5). Defendants sought to

8    enforce a security interest related to plaintiff's obligation or alleged obligation to pay

9    money to Santander, arising out of a transaction in which the property which was the

10    subject of the transaction (plaintiff's vehicle) was primarily for personal, family or

11    household purposes.

12        17.     Defendants violated 15 U.S.C. § 1692f(6) of the FDCPA by taking

13    nonjudicial action to effect dispossession or disablement of property when (1) there

14    was no present right to possession of the property claimed as collateral through an

15    enforceable security interest, and/or (2) the property was exempt by law from such

16    dispossession or disablement. Defendants had no present right to repossess plaintiff's

17    vehicle because they breached the peace by entering secured and gated private

18    property to do so, in violation of Commercial Code § 9609 and the CRA, Bus. &

19    Prof. Code § 7508.2(d).

20        18.     As a direct and proximate result of defendants' violations of the

21    FDCPA, plaintiff has been damaged in amounts which are subject to proof.

22        19.     Plaintiff is entitled to recover his actual damages pursuant to 15 U.S.C.

23    § 1692k(a)(1).

24        20.     Plaintiff is entitled to recover statutory damages pursuant to 15 U.S.C.

25    § 1692k(a)(2)(A).

26        21.     Plaintiff is entitled to recover his attorney's fees and costs pursuant to

27    15 U.S.C. § 1692k(a)(3).

28        WHEREFORE, plaintiff prays for relief as set forth below.

**Second Claim for Relief – Violations of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("Rosenthal FDCPA")**

**(By Plaintiff Against All Defendants)**

22.    Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

23.    The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). The Legislature thus enacted the Rosenthal FDCPA to ensure the integrity of California's banking and credit industry. Id., § 1788.1(b).

24.    Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" within the meaning of Civil Code § 1788.2(f) – *i.e.*, money, property or their equivalent which was alleged to be due and owing to Santander, by reason of a consumer credit transaction entered into with plaintiff.

25.    At all times relevant, defendants were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another natural person.

26.    Civil Code § 1788.17 provides that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." By violating the provisions of § 1692f(6), defendants violated the Rosenthal FDCPA, at Civil Code § 1788.17, and plaintiff is entitled to the remedies set forth in 15 U.S.C. § 1692k.

27.    As a direct and proximate result of defendants' violations of the

Rosenthal FDCPA, Plaintiff has been damaged in amounts that are subject to proof.

28.    Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

29.    Defendants' violations of the Rosenthal FDCPA were willful and knowing. Plaintiff is entitled to recover statutory damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

30.    Plaintiff is entitled to recover his attorney's fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, Plaintiff prays for relief as set forth below.

## **Prayer for Relief**

WHEREFORE, plaintiff prays for the following relief:

1.    For actual damages according to proof;

2.    For statutory damages to the extent permitted by law;

3.    For pre-judgment interest to the extent permitted by law;

4.    For an award of his attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

5.    For such other and further relief as the Court may deem just and proper.

## **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated: November 13, 2017          Respectfully submitted,

LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION

By: ____/s/_____
       Brandon Block

Attorneys for Plaintiff
THOMAS BALLENGER

6